**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Paul Singleton,<br>         Plaintiff(s),<br><br>vs.<br><br>Precious Abram, et al.,<br>         Defendant(s). | 2:24-cv-00235-APG-MDC<br><br>**ORDER DENYING IFP APPLICATION (ECF NO. 8)**<br><br>**AND**<br><br>**SECOND REPORT AND RECOMMENDATION TO DISMISS THIS CASE IF PLAINTIFF DOES NOT PAY THE FILING FEE** |

The Court previously ordered the plaintiff to either file another in forma pauperis ("IFP") application on the Court's approved long form or pay the filing fee within thirty days because his IFP application was incomplete. ECF No. 4. Plaintiff did not comply with that Order and filed another IFP application that was both incomplete and on the wrong form. ECF No. 6. The Court entered another order denying the incomplete IFP application and recommended that his case be dismissed if he did not pay the filing fee. ECF No. 7. Rather than paying the filing fee, plaintiff has filed another *IFP Application*. ECF No. 8. In an abundance of caution, the Court has again reviewed plaintiff's now third IFP application. *Id.* The Court finds that plaintiff again has not complied with the Court's Order, as this new IFP application is incomplete and does not comply with the Court's previous Orders. ECF Nos. 4 and 8. The Court thus DENIES plaintiff's third IFP application in this case[1] (ECF No. 8) and recommends that this case be dismissed if plaintiff does not pay the filing fee in two weeks.

**I. THE COURT DENIES THE IFP APPLICATION**

---

[1] The Court notes that plaintiff's IFP application in his earlier filed case in this Court against the same the defendant was also denied for the same reasons. 2:23-cv-01560-JAD-VCF, *Singleton v. Abram*, ECF No. 3. Plaintiff also did not comply with the Court's order in that case. Plaintiff has now had multiple opportunities to comply with this Court's Orders.

"Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "A plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). "It is within the court's discretion to make a factual inquiry and to deny [an application] where the [plaintiff] is unable, or unwilling, to verify their poverty." *Id.* at 940.

Plaintiff filed a third IFP application, but the application is not on the Court's approved long form, per the Court's Orders. ECF Nos. 4 and 7. The IFP application is also still incomplete. The Court ordered that, "[p]laintiff must answer all questions on the long form with detailed explanations about his income and expenses." ECF No. 4 at 3. Plaintiff has not provided any detailed explanations. Plaintiff states that he receives public benefits (ECF No. 6 at 2), but plaintiff stated "$0" in response to every other question on the form without providing any explanations. For example, plaintiff states that he makes no money, that his spouse receives $0, and that all his expenses total to $0. *Id.* Plaintiff has not explained how he and his spouse live with no expenses at all, despite the Court's previous Order to provide explanations. The Court cannot determine his status, as his application is incomplete. The plaintiff has not complied with the Court's Orders. ECF Nos. 4 and 7. Plaintiff's third IFP application is denied and is ordered to pay the filing fee.

## II. THE COURT RECOMMENDS DISMISSING THIS CASE IF PLAINTIFF DOES NOT PAY THE FILING FEE

District Courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action based on a party's failure to obey a Court Order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with Court Order);

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a Court Order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the Court's Order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

This Court cannot operate without collecting reasonable fees and litigation cannot progress

without a plaintiff's compliance with Court Orders. The only alternative is to enter another Order setting another deadline. Issuing another Order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal.

After weighing these dismissal factors, the Court finds that they weigh in favor of dismissal if plaintiff does not pay the filing fee within two weeks. Plaintiff will not be prejudiced because he has an opportunity to object to this report and recommendation.

ACCORDINGLY,

The Court ORDERS that plaintiff's third *IFP Application* (ECF No. 8) is DENIED. Plaintiff has until **Tuesday, July 30, 2024** to pay the filing fee.

The Court RECOMMENDS that if plaintiff does not pay the filing fee that this case be DISMISSED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's

attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED AND RECOMMENDED.

DATED this 17th day of July 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge